**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DWAYNE SINGLETON,**

                             **Plaintiff,**

                **v.**

**C.O. CARON, C.O. HOISSERY,**
**C.O. McCABE, C.O. DAILEY,**
**C.O. PEACOCK, SGT. RUSHFORD,**
**SGT. SMITH, SGT. BRAND,**
**RUSSELL, Transit Officer,**

                             **Defendants.**

**Civil No. 9:03-CV-00455 (GLS/DEP)**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Dwayne Singleton
Plaintiff, *pro se*
99-A-4524
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER            BRUCE J. BOIVIN
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pending are plaintiff *pro se* Dwayne Singleton's objections to Magistrate Judge David Peebles' Report-Recommendation. Singleton brings this action pursuant to 42 U.S.C. § 1983. Upon reviewing the arguments, the relevant parts of the record, the applicable law, and finding no clear error, the court adopts the Report-Recommendation in its entirety.[1]

## II. Procedural History

Singleton claims that his Eighth and Fourteenth Amendment rights were violated when he was assaulted by correctional officers at two separate correctional facilities. *See Dkt. No. 1*. On September 8, 2004, the defendants filed a motion for partial summary judgment. *See Dkt. No. 28*. On September 8, 2005, Judge Peebles issued a report recommending that the defendants' motion be granted. *See Dkt. No. 32.* Singleton's objections are now pending. *See Dkt. No. 35.*

---

[1] The Clerk is directed to append Judge Peebles' Report-Recommendation to this decision, and familiarity is presumed.

2

### III.  Discussion

### A.  Standard of Review

By statute and rule, district courts are authorized to refer prisoner civil rights case to magistrate judges for proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G).

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); N.D.N.Y. R. 72.1(c).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings

3

or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006) (citation omitted). "Although the doctrine of procedural default developed as a circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object." *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985). "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]" *Almonte*, 2006 WL 149049, at *3 (citation omitted).[2]

Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.*, at *4. The local rule requires that objections address specific findings and

---

[2]The following statement accompanies all magistrates' reports issued in this district: "[P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the [c]lerk of [c]ourt. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**" *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e); *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1983); *Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

4

conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See id.,* at *5; see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).³ "*De novo* review requires that the court 'give fresh consideration

---

³The decision to use procedural default is in the discretion of the district court. *See Almonte,* 2006 WL 149049, at *4 (citation omitted). "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party." *Id.* (citation omitted). "As the Supreme Court has observed:
'[T]he district court...must exercise supervision over the magistrate. Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction. The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.'" *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

5

to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte*, 2006 WL 149049, at *5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at *3 (citations omitted).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless." *Almonte*, 2006 WL 149049, at *5.  Under these circumstances, it is within the court's discretion to elect an appropriate review standard.  *See id*.

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard[.]..." *Id*.  "[D]istrict courts have applied standards with varying names and definitions." *Id.*, at *6.  "[S]ome adopt the 'clearly erroneous'

6

standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[4]  *Id.* (citations omitted).  "Given the definition typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed."  *Id.*  "Other courts have adopted a 'contrary to law' standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure."  *Id.* (citations omitted).  "When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for 'plain error.'"  *Id.* (citations omitted).  "Plain error is one that is clear or obvious and affects substantial rights."  *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final

---

[4]"The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:
> 'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  FED. R. CIV. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at *5 (citations omitted).

7

judgment whether objections are registered or not." *See Almonte*, 2006 WL 149049, at *6. When the court does so, however, it is aware that the reports are generated by magistrate judges with extraordinary professional and judicial experience." *Id*. "Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations." *Id*. "Absent *de novo* review, the court will apply a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id*. "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id*.

## B. Objections

Singleton does not offer any specific factual or legal objections to Judge Peebles' report. *See Pl. Objections, pp. 1-3; Dkt. No. 35.* Instead, he makes several objections that restate his original contentions but offer nothing new for the court's consideration. *See id.* He has therefore procedurally defaulted and Judge Peebles' report will be reviewed for clear error.

8

First, in response to Judge Peebles' finding that he did not file a response to defendants' motion, he states: "I oppose this part of the motion by admitting that I did everything in my power to execute service on the defendants." This contention is non-responsive because it addresses service instead of the motion requirements pursuant to the local rules.

Local Rule 7.1(a)(3) provides: "the opposing party shall file a response to the statement of material facts...[a]ny facts set forth in the statement of material facts shall be deemed admitted unless specifically controverted by the opposing party." N.D.N.Y. R. 7.1(a)(3). Moreover, under Local Rule 7.1(b)(3), "the non-moving party's failure to file or serve any papers...shall be deemed consent to the granting...of the motion." N.D.N.Y. R. 7.1(b)(3).

Here, Singleton failed to submit a 7.1(a)(3) statement, thus leaving the facts set forth in the defendants' statement of material facts unchallenged.[5] In reviewing the motion, therefore, Judge Peebles' considered the facts as uncontroverted. Singleton's objection offers the court nothing to indicate why Judge Peebles' conclusion was erroneous.

---

[5] This court recognizes, as Judge Peebles acknowledged in his Report-Recommendation, that as a *pro se* litigant, Singleton is entitled to special latitude when defending against a summary judgment motion. *See Jemzura v. Pub. Serv. Comm'n*, 961 F. Supp. 406, 415 (N.D.N.Y. 1997)(McAvoy, C.J.).

Moreover, he offers no new factual evidence for consideration. Accordingly, this objection has no merit.

Second, in response to Judge Peebles' denial of Singleton's summary judgment motion, Singleton stating: "[a]lthough the material facts...are very few, I still have enough evidence to go to trial." *See Pl. Objections, p. 1.* This contention is conclusory and does not offer anything new for the court's consideration. Accordingly, this objection has no merit.

Third, in response to Judge Peebles' finding that Singleton lacked jurisdiction over some of the defendants, Singleton requests more time for service. He specifically requests more time to serve defendants Hoissery, Russell, and K. Caron, as well as the unnamed defendants. This objection also lacks merit. As provided by the Federal Rules of Civil Procedure:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Judge Peebles concluded that not only has the 120 day time frame passed, but 2 years have elapsed since Singleton's

first attempts at service.  Moreover, Singleton has not shown good cause to warrant granting a further extension, or given any indication on the record that he has come closer to ascertaining the identities of the unnamed defendants.  Accordingly, the court concurs with Judge Peebles' recommendation that Singleton's claims against the unserved defendants be dismissed.

Fourth, Singleton objects to Judge Peebles' treatment of his false misbehavior report.  He states:

> K. Caron made accusations about me which resulted in me getting beat up...she is responsible for me being assaulted...there no testimony by me at the Tier III Hearing that indicated I was guilty...all the repercussions [sic] were unnecessary.

*See Pl. Objections, p. 2.*  He also claims that G. Caron also issued a false misbehavior report against him.  *See id. at 3.*

It is well established that no constitutional right is abridged by the issuance of a false misbehavior report to an inmate.  *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  If the inmate receives the proper procedural due process at his Tier III hearing, no violation occurs when such an allegedly false misbehavior report is issued.  *See id. at 951*.  As Judge Peebles' properly noted and this court concurs, a Tier III hearing

11

was held in this instance and Singleton was afforded an opportunity to assert his rights. *See Report-Recommendation, p. 20.* Accordingly, this objection is without merit.

Fifth, in response to Judge Peebles' recommendation that Singleton's state law claims be dismissed, Singleton objects: "I recommend that you still hear my case." *See Pl. Objections, p. 2.* Sixth, in response to Judge Peebles' recommendation that Singleton's harassment claims be dismissed, he objects: "I was harassed, threats and coercion were involved too. So I contend you keep that claim in as well." *See id. at 3.* Seventh, Singleton objects to the court's denial of his conspiracy claim and states: "[d]efendants conspired against me." *See id.* These contentions are conclusory and do not offer anything new for the court's consideration. Accordingly, finding no clear error in the report, these objections are without merit.

## IV.  Conclusion

Having reviewed Singleton's objections to the Report-Recommendation under a clearly erroneous standard, this court adopts the recommendations of Judge Peebles for the reasons stated.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that the motion for partial summary judgment (*Dkt. No. 28*) is **GRANTED,** and the complaint is dismissed as to all claims except those made against defendants McCabe, Daily, Peacock, Rushford, Smith and Brand for excessive use of force; and it is further

**ORDERED,** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

July 18, 2006
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

13